# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD P. ROSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15-cv-7462 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| AES/CHASE BANK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OINION AND ORDER

The Court denies Plaintiff's Motion for Leave to Appeal [3]. Civil case terminated.

## STATEMENT

On January 16, 2015, the Illinois Supreme Court issued an interim suspension of Plaintiff's license to practice law. Unable to work, Plaintiff filed for Chapter 7 bankruptcy roughly two months later, along with a two-count adversary complaint to discharge his student loans.[1] In Count I, Plaintiff asked the bankruptcy court to declare that the suspension of his law license constitutes an "undue hardship" under Section 523(a)(8) of the Bankruptcy Code, 11 U.S.C. § 523(a)(8). In Count II, he sought a declaration that his Due Process rights were violated by the Illinois Attorney Registration and Disciplinary Commission ("ARDC") during his underlying disciplinary hearing. The bankruptcy court, however, dismissed Count II and the ARDC on the grounds that Plaintiff's claim is barred by the *Rooker-Feldman* doctrine, which generally precludes lower federal courts from reviewing final state court judgments rendered by

---

[1] Plaintiff's bankruptcy case was closed on June 11, 2015. Thus, only the adversary proceeding remains.

the highest court in a state.[2] *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983). Now, Plaintiff seeks leave to appeal the bankruptcy court's decision, claiming that it is a "final" order and thus appealable as a matter of right, or, in the alternative, that it qualifies for interlocutory review.

## **DISCUSSION**

District courts' authority to review bankruptcy court orders is governed by 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). While this section does not define which orders are final and appealable, the Supreme Court has recently reiterated that orders in bankruptcy cases are immediately appealable "if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1689 (2015); *see also In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993) (explaining that finality under Section 158 is "a less stringent [standard] . . . . than that employed in most civil lawsuits"). Thus, even where an order does not dispose of an entire case, it may be considered "final" if it terminates what would be a "stand-alone suit" had the claim occurred outside of bankruptcy. *In re Berke,* 837 F.2d 293, 295 (7th Cir. 1988).

In the instant case, Plaintiff claims the bankruptcy court's dismissal of Count II meets the above standard, since it essentially terminated Plaintiff's stand-alone suit against the ARDC (a Due Process claim). But Plaintiff's overstates the applicability of the "lax" Section 158(a) standard. As explained by the Seventh Circuit:

---

[2] Plaintiff's interim suspension has since been converted to a final, three-year suspension by the Illinois Supreme Court, *In re Rosen*, No. M.R. 27362 (September 21, 2015).

> [T]he more an adversary proceeding looks like an independent lawsuit, attached to a bankruptcy case only because someone happens to be bankrupt, the more we will insist on adherence to the norms of finality under [28 U.S.C.] § 1291 and Rule 54(b).

*In re Morse Elec. Co.*, 805 F.2d 262, 265 (7th Cir. 1986). And that is precisely what we have here.

The adversary proceeding against the ARDC really has nothing to do with Plaintiff's underlying bankruptcy. The ARDC is not one of Plaintiff's creditors, and the resolution of his Due Process claim would not affect the assets in his bankruptcy estate, which suggests that Count II is an independent lawsuit. *See Diamond Mortg. Corp. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (holding that a dispute is "related to" a title 11 proceeding only where its resolution would have a "direct and substantial impact on the asset pool available for distribution"); *Home Ins. Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 749 (7th Cir. 1989) (explaining that a dispute is "related to" a case under Title 11 only when its resolution affects the property of the estate available for distribution to creditors, the manner in which that property is to be distributed, or the administration of the estate). Indeed, the bankruptcy court itself expressed that Count II, apart from being barred by *Rooker-Feldman*, fell outside the court's jurisdiction since it had no relationship to Plaintiff's bankruptcy estate. (*See* 7/24/15 Order, [Dkt. # 4-3], Ex. C at 13) ("The Court therefore concludes that it lacks subject matter jurisdiction because this claim is not a core or non-core related to proceeding."). Accordingly, the Court will apply the norms of finality under Rule 54(b) and Section 1291.

Rule 54(b)[3] provides that "[a]ny order or other decision, however designated, that adjudicates fewer than all the claim or the rights and liabilities of fewer than all the parties does not end the action." Fed. R. Civ. P. 54(b). Section 1291further provides for appeals as of right

---
[3] Rule 54(b) is made applicable to adversary proceedings by Bankruptcy Rule 7054(a). *See* Fed. R. Bankr. P. 7054(a).

only where the decision appealed is "final" judgment. *See* 28 U.S.C. § 1291. Taken together, these rules dictate that Plaintiff has no right to appeal the bankruptcy court's dismissal of Count II, since the adversary proceeding is still ongoing and no Rule 54(d) final judgment has been entered.

Nor is this an occasion for an interlocutory appeal. Whether an interlocutory appeal of a non-final bankruptcy order is appropriate is analyzed pursuant to 28 U.S.C. § 1292(b). "Under the three part test [found in § 1292(b)], an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997) (citing 28 U.S.C. § 1292(b)). While Plaintiff's appeal involves controlling questions of law, there are simply no "substantial grounds for difference of opinion" with the bankruptcy court. Its *Rooker-Feldman* analysis is plainly supported by the Seventh Circuit's recent decision in *Mehta v. Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois*, 681 F.3d 885, 887 (7th Cir. 2012), which held that *Rooker-Feldman* precludes a lawyer's attempt to attack a state-court disciplinary proceeding in federal court. Similarly, its jurisdictional analysis, as discussed above, is a straight-forward application of the law. Nor would interlocutory appeal "materially advance the termination of the litigation." In fact, it would do the opposite and cause the sort of piecemeal litigation admonished against by the Seventh Circuit. Therefore, the Court declines to grant interlocutory review of the bankruptcy court's dismissal of Count II and the ARDC.

## **CONCLUSION**

For the reasons set forth above, the Court denies Plaintiff's Motion for Leave to Appeal [3]. Civil case terminated.

**SO ORDERED.**                                        **ENTERED:** November 3, 2015

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**